on behalf of Appellant Elisha Pollock, who is not present. I would waive his presence for purposes of this hearing. I'd ask the Court, I'd like to reserve two minutes' rebuttal. All right. Your Honors, I believe that the key issue in this case is the touch tone of sentencing and the sentencing process in a republic like ours is due process. And the problem with this catch-all provision under the guidelines that is an issue in this case is that it essentially removes any significant due process from the sentencing proceedings in a case like this at bar or other cases like it. Let me just give an example. The government in its brief and oftentimes looks for support for the validity, the constitutionality, and the appropriate application of the catch-all residual provision in issue here by reference to cases which have interpreted the Armed Career Criminal Act. However, and that underscores the problem we have with the vagueness, constitutional vagueness of the statute as well as its application. The Armed Career Criminal Act was passed by Congress in an attempt to significantly increase punishment for individuals who are deemed to be especially dangerous, violent individuals who have a record of committing violent acts, who have a propensity for violence, should, according to Congress, have their sentences increased, not just as a form of punishment, but as a method of protecting the public. However, since the residual clause under the Armed Career Criminal Act has been the subject of interpretation by various appellate courts across the country as well as the Supreme Court, we've seen appellate courts find that the following are violent felons, a failure to stop for police when they signal their emergency lights, a failure to report to the county jail, theft of a bicycle, operating a Jeep without the owner's consent, pickpocketing, a failure to report that somebody has escaped from a correctional institution. We don't have the concerns in those kinds of cases, however, that we have in a burglary where there is a risk of confrontation and hence violence, do we? I don't think there's any significant difference between the examples that I gave, Your Honor, in these other appellate cases and the case of a burglary in a situation where, like under Arizona law, the crime of burglary reaches a wide variety of actions by a defendant. How about the crime of burglary in this case, though? Well, in this case, the Court does not know, and under our case law, really should not inquire into what happened in this case. Because if you're going to follow the Supreme Court jurisprudence with respect to Taylor and a categorical analysis of prior convictions, we look at only the fact of the conviction itself. The district court can't. But don't we look at the elements of the offense? Well, you look at the elements of the offense. But in this case the statute, too. We look at the – we would look at the Arizona burglary statute, wouldn't we? You would. And does that place someone in the home? No. It doesn't? No. No. Because the – what the indictment says is that the defendant was charged with unlawful entry into a residence. I don't remember the precise wording. That's what I thought. Well, I understand. But the problem is the statute. The Arizona statute says a person commits burglary in the second degree by entering or remaining unlawfully in or on a residential structure with intent to commit any theft or any felony therein. That puts somebody in – within the dwelling, doesn't it? Well, the problem is the short answer is no. Okay. The problem is the Arizona statute has to be interpreted by virtue of its definitional provisions. You could have a burglary, and I pointed this out in my brief, you could have somebody who lawfully enters, let's say, a VW camper bus that their cousin was using to sleep in, and then once they were inside the bus, even though they didn't have permission to smoke a joint, once they smoke a joint, they've committed a burglary. So the – contrary to the, I guess, the ordinary meaning of what most people would think a residence means, contrary to that, under Arizona law, a residential burglary can cover all kinds of activities. It can mean that somebody entered into a camper bus. It can mean somebody entered into a tent. It can mean that somebody had a gun.   It doesn't matter how many people entered in a car, the point is that a burglary was committed. The statute says with the intent to commit any theft or any felony therein, and what troubles me about your argument is that you're missing – you don't seem to be addressing the point that we still have a violent confrontation potential. And I want you to address how that is not the case. Well, I think it's not the case, Your Honor, again because of the definitions within Arizona's statute for what constitutes a residence, what constitutes a residential structure, what constitutes a structure. Let me – let me again – What do we do with Terrell in those cases? You just want us to ignore those? Well, here – I think the cases that are most strongly supportive of the government's position almost – and I don't recall whether Terrell was an armed career criminal case, I believe it was. The danger of trying to apply definitions formulated in the context of the Armed Criminal – Armed Career Criminal Act. You could just call it the ACCA. Right. The ACCA. It's a little easier. The problem – I'm not even sure it's a problem. I mean, if you look at that case, I guess my response would be, number one, that's the question of whether or not something is a violent felony under the ACCA. So it's different, and I think you do have to treat all of these – these – But we've already – The problem is we've passed that, Rubicon. The Ninth Circuit law is quite clear that we look to ACCA in these cases. So like it or not, that's where this panel has to start from. Correct. And – So I – and I understand you might have a policy disagreement with that, but even if we did, we don't have anywhere we can go with it.  And given that, and then given the ACCA cases about burglary, I'm just hard-pressed to understand what the rationale would be to be – to rule in favor of your client. I'm open to hearing it. Sure. But I don't quite know what the path would be. Well, I think what you have to do is look at the limitations of those cases. First of all, if I'm not mistaken, both Park and Terrell involved entry into inhabited dwelling places. The Arizona burglary statute does not require that the structure, whatever it is, be it a tent or somebody's four-bedroom home, does not require that it be inhabited. In fact, it only needs to be adapted for lodging, and that could be periodic lodging. So again, we're back to the case of the VW camper bus that may be slept in once a week. Second, the issues that Appellant has raised in this case having to do with the over-breath with how far the state burglary statute regime in Arizona reaches were not issues that were raised in Terrell or Park. So I think those cases are distinguishable. I also think the Court is in a different bind, and the bind is not so much to what extent are we going to be controlled by Terrell or Park, but rather to what extent can we reconcile, if at all, Park and Terrell with not just Supreme Court jurisprudence, but other Ninth Circuit jurisprudence, which formulates a test which appears to be inconsistent with those two cases. And I'm speaking specifically of the emphasis that part of the test in determining whether or not something is a crime of violence is that it has to involve purposeful, aggressive, violent conduct. And I think those are the two, the three words that are used. Do you want to? We've used all your time, but I will give you some rebuttal time. Thank you. Let's hear from the government. Good morning, Your Honors. Angela Woolridge appearing on behalf of the United States. The district court did not err in this case in finding that the defendant's prior conviction for second-degree burglary in Arizona qualified as a crime of violence under the residual clause of Section 4B1.282 of the United States Sentencing Guidelines. The court correctly found that the ordinary case of second-degree burglary involves a serious risk of physical injury to another, and it found that it's roughly similar to enumerated offenses in the portion of that sentencing guideline, specifically burglary of a dwelling. As this Court stated in Terrell, it's hard to imagine any State's burglary definition would not be roughly similar to that of generic burglary, even if it did differ somewhat. And here we have an Arizona statute that, while not absolutely identical, is almost identical to that generic definition. I was just checking to see if I missed anything. I don't think so, but I was just checking. And I don't think the Supreme Court has issued its decision in de camp. Do you see any reason that we should hold this case for the Supreme Court's decision? I don't believe so. I believe that in this particular case, the case law is clear regarding the applicability of the specific provision of the sentencing guideline to the statute at issue here. I don't believe that any of the arguments submitted by the defense regarding the definition of structure under the Arizona law removes at all the applicability of the analysis that this Court and the Supreme Court have applied in interpreting this clause of the guideline, specifically that the risk still exists regardless, for instance, if a structure is a traditional home or a VW bus modified for someone to live in. You still have that risk that the resident can encounter the burglar while they're in the process of committing the burglary and that a violent confrontation can ensue. And so even under the scenario that the defendant, the defense posits, there really doesn't diminish at all that risk that the, that this Court has found inherent in, in burglary offenses. Do we, do we already have authority that rejects the defendant's vagueness challenge? I believe we do, Your Honor. I believe that the --- Which, which case would you point us to? As we cited in our brief, it was the Sykes case, the Sykes case. ACCA case. I'm sorry? That's an ACCA case. That is correct. However, the residual clause of the Armed Career Criminal Act is identical to the residual clause of the sentencing guideline applicable in this case. And so even though it is the ACCA being applied rather than the specific 4B1.2 sentencing guideline definition, that residual clause is identical. And when you look at the analysis that must be employed when determining whether or not a sentencing provision is void for vagueness, we look at whether the, whether it gives a person of ordinary intelligence notice. And in this case, we're talking about the same language, the same terms where the Supreme Court has found that these terms are sufficient to put a person of ordinary intelligence on notice that a prior conviction under these circumstances would require an enhanced penalty under the guidelines. So because we already have guidance that this very same definition, these very same words, are not unconstitutionally vague, I believe that the defense's argument is foreclosed in that way. The defense counters that by saying, well, under the ACCA, it's different, there's different concerns regarding armed career criminals. Well, in this case, we have concerns as well because we're applying the same definition to crimes involving firearms. And certainly, Congress has recognized in the sentencing guidelines reflect that there is a heightened concern when you have crimes involving firearms committed by individuals with violent felony convictions or convictions that involve this substantial risk of violence as encompassed by the residual clause of that applicable definition. Furthermore, the defense shows that that clause was not vague. The defense fails to show that that clause was not, that that clause was vague as applied in this case. There were a number of examples that were given of perhaps other cases which I think arguably all involved the risk of, the potential risk of violence. But certainly in this case, as Judge Marbley pointed out, you have a case, you have a conviction that necessarily involves the burglar being in someone's home, being in someone's residence. This is not a case involving, involving flight or failure to report, but this is an actual case where you have exactly the risk and the potential for danger as this Court has recognized is significant to qualify under those guidelines. And so I don't, I would, I would submit that any distinction that the defense attempts to make with regard to the ACCA and the applicable definition here are immaterial and fail to show that the precedent regarding the identical residual clause from the ACCA should not be applied in this particular case. Thank you. Thank you. Mr. Buccio, I was out of time, but if you would give him a minute for rebuttal. One minute. The problem is, Your Honor, that this, the record that the Court can rely on in this case does not necessarily permit the conclusion that appellant was inside somebody's residence under any circumstances, much less circumstances that would constitute. Well, should the district court be allowed to look to see what happened in that prior conviction? No. And, and that's the problem. The residual clause has become an escape valve to circumvent the requirements under Taylor. And it has, and it is fraught with all of the problems that any catch-all provision has, which is arbitrary enforcement, violations of due process, and the like, which I can tell you is occurring across the country, not just in terms of sentences in Federal cases, but also in terms of defendants who are pleading guilty to offenses in State court, not realizing the implications of those pleas. I understand your point on that. So I think it's a very serious problem, and I don't, and, you know, the, well, you've got it coupled with that, the fact that we're now bringing in the statutes like ACCA, which were clearly intending to target violent offenders, and you don't have that with the application of this residual clause under the guideline. You have a clause which can be applied whenever judges want to apply it, I would suggest. There's very little guidance that restricts a judge's discretion on this, and that is exemplified by the dearth of reported case law striking down findings of crime of violence under the residual clause. So that, in and of itself, illustrates that it's a serious problem. Thank you. Thank you, Your Honor. Thank you. The case of United States v. Pollack is submitted.
judges: Marbley, McKeown, Watford